The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. The North Carolina School Board Insurance Trust is the carrier on the risk.
2. Defendant-employer regularly employed three or more employees and is bound by the provisions of the North Carolina Workers Compensation Act.
3. The Industrial Commission has jurisdiction of the parties and all parties have been properly named in this action.
4. Plaintiff was employed by defendant-employer on March 8, 1996 as a custodian.
5. Plaintiffs average weekly wage may be determined by a properly submitted Form 22 Wage Chart.
6. The following exhibits were stipulated into evidence:
a. Form 18
b. Form 19
c. Form 22
d. Form 33
e. Form 33R
f. Hoke Family Medicine Center medical records
g. Sandhills Orthopedic Spine Clinic medical records
 h. Letter dated February 26, 1996 from Mr. Donald Dawson, principle at E.E. Miller Elementary School, to Mr. Frank Gonsalves
 i. Letter dated April 24, 1996 from Mr. Donald Dawson, principle at E.E. Miller Elementary School, to Mr. Frank Gonsalves
 j. Letter dated April 25, 1996 from Mr. Donald Dawson, principle at E. E. Miller Elementary School, to Mr. Frank Gonsalves
 k. Employees statement dated March 18, 1997 regarding description of accident injuries
 l. Plaintiffs answers to defendants First Set of Interrogatories and Request for Production of Documents
 m. Social Security Administration record dated May 16, 1995 denying claim for disability benefits
 n. Request for Reconsideration filed by the Social Security Administration by Mr. Frank Gonsalves on May 22, 1995
 o. Social Security Administration record dated July 7, 1995 denying Mr. Frank Gonsalves request for reconsideration
 p. Letter from Franklin and Sarah Haltiwanger dated May 1, 1996 regarding Mr. Frank Gonsalves
7. The issues to be determined are:
 a. Whether or not plaintiff-employee sustained a compensable injury?
b. If so, what benefits is plaintiff-employee entitled to?
8. The depositions of Dr. Karen Smith and Dr. James Rice are a part of the evidentiary record in this matter.
 ***********
Based upon the evidentiary record, the Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a 51 year old who was employed with the Cumberland County School System as a custodian. Plaintiffs began his employment with defendant-employer on approximately May 15, 1995 and worked approximately 40 hours per week and earned $7.20 per hour. Prior to his employment with defendant-employer, plaintiff was not gainfully employed in 1993, 1994, and the first five months of 1995.
2. Prior to plaintiffs employment with defendant-employer, plaintiff had applied for Social Security Disability benefits on the basis that he was disabled because of diabetes, high blood pressure, Bells palsy and osteoarthritis.
3. Plaintiffs employment as a custodian required him to perform general cleaning duties within the school facility. Plaintiff testified he sustained a back injury while employed with defendant-employer on March 8, 1996 when he was mopping a floor and felt a "twinge in his back.
4. Plaintiff testified that his back pain was so severe the next day, March 9, 1996, that he was unable to move and subsequently sought treatment with Dr. Karen Smith at Hoke Family Medical Center. Plaintiff testified that he advised Dr. Smith of his severe back injury, how it occurred, and the resulting problems he was experiencing. However, the Hoke Family Medical Center records indicate plaintiff complained of problems related to a kidney infection, leg and knee pain, and constipation. Dr. Smith performed a physical examination and diagnosed plaintiff with osteoarthritis, most prominently affecting the right hip, right knee, and left knee as well. There is no mention of back pain or a work-related injury in Dr. Smiths March 9, 1996 medical note in spite of plaintiffs complaints that his back pain was so severe that he was unable to move.
5. The problems plaintiff sees Dr. Smith for on March 9, 1996 are problems that pre-existed plaintiffs employment with defendant-employer. Plaintiffs Social Security records and application for disability benefits document plaintiff had a longstanding history of osteoarthritis. Dr. Smith also diagnosed plaintiff with femoral groin discomfort, depression and diabetes mellitus. Dr. Smith also notes plaintiff questions his "disability and indicates plaintiff will be working on his own in this regard.
6. When plaintiff returned to Dr. Smith on March 11, 1999, Dr. Smith noted plaintiff had right hip arthritis, probably secondary to degenerative joint disease and constipation. Again, there is no mention of any back pain or injury as indicated by plaintiffs testimony at the hearing before the Deputy Commissioner. Plaintiffs complaints are consistent with the problems he listed in his Social Security Disability application in order to obtain benefits.
7. Plaintiff was seen and evaluated by Dr. Smith again on March 15, 1996, which is the first time he complains of back pain. Plaintiff did not advise Dr. Smith of a work-related injury and Dr. Smiths assessment revealed hypertension, diverticulitis and diabetes mellitus.
8. Plaintiff was seen and evaluated by Dr. Karen Smith again on March 23, 1996 at which time he was complaining of persistent right lower extremity pain, which originated from his back area. Dr Smith specifically noted that plaintiffs symptoms have been occurring over the past week to seven days. Thus, plaintiffs back pain began on or about March 15, 1996. This date does not coincide nor support plaintiffs testimony regarding his back pain and the alleged injury date. Furthermore, Dr. Smith noted plaintiff may have arthritic changes and recommended an orthopedic evaluation.
9. On March 25, 1996, Dr. Smith wrote a letter to Dr. James Rice at Sandhills Orthopedic Spine Clinic outlining plaintiffs past medical history and stating that plaintiff has significant symptoms of constipation. Further, Dr. Smith expressed concerns that this condition may have aggravated plaintiffs discomfort.
10. Plaintiff was seen and evaluated by Dr. James Rice on April 3, 1996 for back pain and again did not mention a work-related injury. A physical examination revealed right sciatica and probable L4 radiculopathy. Conservative treatment was instituted. However, due to continued problems, plaintiff returned to see Dr. Rice on April 15, 1996 at which time he recommended an MRI, which revealed a large right L4-5 herniated nucleus pulposis. Therefore, Dr. Rice recommended consideration of an epidural steroid injection and possible surgery. However, plaintiff did not want to consider surgery. In addition, Dr. Rice indicated plaintiff was not capable of returning to work as a custodian.
11. Plaintiff returned to Dr. Smith on May 17, 1996 who noted that plaintiff has an L4-5 herniated nucleus pulposis and recommended physical therapy.
12. Thereafter, plaintiff received no medical treatment for approximately one year, until plaintiff returned to Dr. Smith on May 9, 1997 at which time she noted plaintiff has hypertension which is under control, sinus bradycardia with pace maker and diabetes mellitus which is also under control. Plaintiff testified that he had been diagnosed with cardiac arrhythmia, which required a pacemaker.
13. There are no medical records after May 9, 1997.
14. Mr. Donald Dawson, principal at E.E. Miller Elementary School, reviewed plaintiffs job performance prior to the alleged injury date and learned that plaintiff was working below school standards. Mr. Dawson orally counseled plaintiff on several occasions. However, due to continued problems, Mr. Dawson wrote a letter dated February 26, 1996 indicating "problem areas for plaintiff and listed several items that needed to be addressed. Furthermore, if these problems were not corrected, plaintiff would face dismissal.
15. Mr. Dawson placed plaintiff on probationary status for a period of two weeks and planned to inspect plaintiffs area of responsibility on March 1, 1996 and March 8, 1996. If no improvement was noted, plaintiff would be dismissed. Mr. Dawson met with plaintiff on February 27, 1996 and advised him of his substandard performance and his probationary status. Plaintiff did not return to work for three days, February 28, February 29 or March 1, 1996. Thus, Mr. Dawson was unable to review plaintiffs performance on March 1, 1996 and shortly thereafter on March 8, 1996 plaintiff alleges an injury to his back.
16. Mr. Dawson counseled plaintiff subsequent to the alleged injury date as to his options with respect to returning to work and plaintiff responded that he wanted Mr. Dawson to terminate him so that he could collect unemployment benefits. Plaintiff made this statement on several occasions. Due to plaintiffs failure to elect one of the three options mandated by the school system, plaintiff was terminated on April 25, 1996.
17. Dr. Karen Smith was unable to render an opinion that plaintiffs back injury was causally related to plaintiffs employment with defendant-employer.
18. Dr. Rice was unable to render an opinion that plaintiffs back injury was causally related to his employment with defendant-employer.
19. Plaintiffs testimony at the hearing before the Deputy Commissioner was evasive. Furthermore, based on the Deputy Commissioners observation of plaintiffs demeanor, plaintiffs testimony was not considered credible. Accordingly, plaintiffs testimony lacks credibility. Moreover, greater weight is given to the medical records and the expert testimony of the treating physicians and Mr. Donald Dawson, principal at E.E. Miller Elementary School than to the testimony of plaintiff.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight of the evidence of record that he sustained an injury by accident or a specific traumatic incident arising out of and in the course and scope of his employment with defendant-employer on March 8, 1996. N.C.G.S. 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following
 ORDER
1. Under the law, plaintiffs claim must be and the same is hereby, DENIED.
2. Each party shall bear its own costs, except the defendants shall pay an expert witness fee of $175.00 to Dr. Karen L. Smith, if not already paid.
This the ___ day of February 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER